ATLANTIC REALTY COMPANY, RESPONDENT, v. LOUIS LOTT, APPELLANT.

Argued November 30, 1915—Decided March 6, 1916.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The action in this case was to recover commissions for the collection of rent. The case was tried in the Atlantic City District Court by the judge without a jury. To support the plaintiff's case, a written lease was produced and admitted in evidence between Louis Lott, landlord, the defendant in this action, and the Acme Tea Company. This lease is dated February 11th, 1910. The lease was for five years, with the privilege of an additional five years, and contains the following clause:

" 'It is further understood and agreed that the Atlantic Realty Company remains agent for said property as long as party of the second part remains as tenant, to collect the rent and deduct five per cent. commissions therefrom, also if party of the second part shall by virtue of any new lease occupy said premises, all right hereby created in favor of Atlantic Realty Company shall remain in force.'

"The court found as a fact that the defendant had accepted and recognized the plaintiff as his agent for the purpose of collecting the rent pursuant to the foregoing clause; that the plaintiff did collect the rents under the said lease for the defendant until the defendant notified the tenant to pay the rent

direct to him, which he did. The judgment of the court was in favor of the plaintiff for $50.

"The only specifications in error that need consideration are the third, viz., that it was error to admit in evidence the lease between the defendant and the Acme Tea Company in support of the alleged contract set up in the state of demand, as it was lacking in consideration and mutuality, and the sixth, viz., that the plaintiff was conducting business in violation of chapter 171 of the laws of 1914, page 327, being 'An act to regulate the conduct of collecting agencies, bureaus and offices.'

"As to the first of these alleged errors, it is without legal merit, and as to the second, it is sufficient to say that as the lease was made before the passage of the statute, it has no application to the case in hand, even if the title is broad enough to include the business of the plaintiff, on which point we express no opinion. The other points stated in the specifications are without merit.

"The judgment of the District Court is therefore affirmed."

For the appellant, *Clarence L. Cole.*

For the respondent, *Bolte, Sooy & Gill.*

PER CURIAM.

The judgment appealed from will be affirmed, for the reasons stated in the opinion delivered in the Supreme Court.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 11.

*For reversal*—None.